## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**EVA RYALS,**

       **Plaintiff,**

**v.**                                                  **Case No: 5:25-cv-586-JSS-PRL**

**UNITED STATES ATTORNEY
GENERAL, U.S. DEPARTMENT OF
JUSTICE, and FEDERAL BUREAU
OF PRISONS,**

       **Defendants.**

_____

### ORDER

Plaintiff Eva Ryals, proceeding *pro se*, filed this employment discrimination action, alleging claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), arising from her employment with the Federal Bureau of Prisons ("BOP"). (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.    BACKGROUND

Plaintiff, a female teacher employed by the BOP at the Federal Correctional Complex in Coleman, Florida, initiated this suit against the United States Attorney General ("Defendant"), seeking "to remedy unlawful discrimination, retaliation, and the denial of

reasonable accommodation" by her employer. (*See* Doc. 1 at ¶¶ 1-2, 8).[1] Plaintiff's complaint is not a model of clarity and consists of 667 total pages, including approximately 10 pages of allegations and 650 pages of documents.

In her complaint, Plaintiff alleges that on April 10, 2014, she "sustained compensable, work-related injuries that materially limited one or more major life activities, including lifting, reaching, repetitive motion, and prolonged physical exertion." (*Id.* at ¶ 11). Her injuries included "a rotator cuff tear or rupture of the left shoulder, chest wall contusion, left carpal/wrist sprain, and an osteochondral lesion of the right knee." (*Id.* at ¶ 12). Following those injuries, Plaintiff avers that she made multiple written requests for accommodations based on her disability, including teleworking and video-based instruction, that she believes would have enabled her to perform all essential job duties, but she claims that "[a]gency officials refused to engage in the required interactive process and focused solely on reassignment, contrary to law." (*Id.* at ¶ 3; *see id.* at ¶¶ 22, 24-25, 33-34, 49, 56).

From July 2018 through February 2019, Plaintiff alleges that she was "subjected to continuing harassment and administrative pressure in the form of redundant documentation requests, shifting explanations, and the [a]gency's refusal to recognize obvious accommodations." (*Id.* at ¶ 20; *see id.* at ¶ 54). On September 19, 2019, the agency issued a decision, denying Plaintiff's request for accommodations, which included teleworking and video-based instruction. (*See id.* at ¶ 28). Plaintiff then submitted a written request for reconsideration of the agency's decision on October 2, 2019, requesting an interactive meeting and proposing the same accommodations (i.e., teleworking and video-based instruction) due

---

[1] There is no indication in the complaint that Plaintiff has been terminated from her position as a teacher with BOP.

to her disability. (*See id.* at ¶ 30). On November 25, 2019, the agency denied Plaintiff's reconsideration request and affirmed its decision. (*Id.* at ¶ 35).

As a result of the agency's decisions, Plaintiff claims that she was not permitted to return to work for an extended period, resulting in, among other things, lost wages and benefits, reputational harm, and significant emotional distress. (*See id.* at ¶¶ 45, 57). She contends that she "diligently mitigated [her] losses but was foreclosed from returning to duty due to the [a]gency's unlawful refusal to accommodate and its retaliatory posture." (*Id.* at ¶ 46).

In short, Plaintiff claims that she was denied reasonable accommodations and subjected to disability discrimination, sex discrimination, retaliation, and a hostile work environment by her employer. (*See id.* at ¶¶ 1-2; *see id.* at pp. 8-10). Plaintiff asserts claims for failure to accommodate and failure to engage in the interactive process under the Rehabilitation Act (Count I); disability discrimination under the Rehabilitation Act (Count II); sex discrimination under Title VII (Count III); retaliation under Title VII and the Rehabilitation Act (Count IV); and a hostile work environment (Count V).[2] (*Id.* at pp. 8-10).

## II.    LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that she is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim

---

[2] Plaintiff contends that the conditions precedent to the initiation of this suit have been fulfilled, stating that she "timely initiated EEO counseling, filed formal EEO complaints, participated in the investigation, and received the requisite notice of the right to sue." (*Id.* at ¶ 6).

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id.*

When evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id.* (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id.*; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal") (citations omitted); *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (stating that the court "afford[s] no presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted).

## III.  DISCUSSION

### A. Failure to Comply with the Federal Rules of Civil Procedure

At the most basic level, Plaintiff's complaint fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 8 and 10 lay out the minimum federal pleading requirements. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Under Rule 10, "[a] party must state its claims . . . in numbered paragraphs," with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *See id*. The purpose of Rules 8(a)(2) and 10(b) is "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," and then "at trial, the court can determine that evidence which is relevant and that which is not." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

In this instance, Plaintiff's complaint does not set forth each allegation in separate, numbered paragraphs as required by Rule 10(b). *See* Fed. R. Civ. P. 10(b). Specifically, Plaintiff fails to state her claims in numbered paragraphs under each count in the complaint.

(*See* Doc. 1 at pp. 8-10). Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *See Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

What's more, Plaintiff's complaint constitutes an impermissible shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "exact an intolerable toll on the trial court's docket." *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has identified four basic categories of shotgun pleadings: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland*, 792 F.3d at 1321-23. Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1323.

Plaintiff's complaint falls under the first and third categories of shotgun pleadings. First, each count in the complaint incorporates by reference the allegations of all preceding paragraphs, causing each successive count to carry the allegations from the other counts that came before it, and the final count is a combination of the entire complaint. (*See* Doc. 1 at pp.

8-10); *Weiland*, 792 F.3d at 1321 n.11 (collecting cases). Specifically, Counts II, III, IV, and V incorporate all the foregoing allegations, including the previous counts. (*See* Doc. 1 at pp. 9-10). As such, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of "sift[ing] out the irrelevancies" to determine which facts are relevant to each claim. *See id.* As the complaint fails to clearly state which allegations relate to which claim, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

Second, Plaintiff's complaint fails to separate each claim for relief into a different count. For example, Plaintiff asserts a claim for retaliation under both the Rehabilitation Act and Title VII in Count IV. (Doc. 1 at p. 9). Claims brought pursuant to the Rehabilitation Act and Title VII must be pled separately. *See Hausberg v. Wilkie*, No. 8:20-cv-2300-TPB-JSS, 2021 WL 4133739, at *2 (M.D. Fla. Sept. 10, 2021) (collecting cases).

Because Plaintiff's complaint constitutes an impermissible shotgun pleading, it fails to give the Defendant adequate notice of the claims asserted against them and the grounds upon which each claim rests. *See Weiland*, 792 F.3d at 1323.

### B. Improper Parties to the Action

The only proper defendant in this case is the United States Attorney General in her official capacity. *See Windham v. Barr*, No. 5:16-cv-83, 2019 WL 1412119, at *1 n.1 (S.D. Ga. Mar. 28, 2019) (finding that the only properly named defendant in plaintiff's Title VII action was the United States Attorney General, and therefore, dismissed the United States Justice

Department and the Federal Bureau of Prisons as defendants from the action). In the complaint, Plaintiff names Pamela Bondi, the United States Attorney General, as the only defendant in this suit (*see* Doc. 1 at ¶ 9); however, the case caption lists "Pamela Bondi, Attorney General, U.S. Department of Justice, Federal Bureau of Prisons" as parties to the action (*id.* at p. 1). As a result, the docket reflects the United States Attorney General, the U.S. Department of Justice, and the Federal Bureau of Prisons as defendants in this action.

Claims of discrimination made under the Rehabilitation Act and Title VII may only be brought against the head of the department, agency, or unit against which discrimination is alleged. *See Canino v. United States EEOC*, 707 F.2d 468, 472 (11th Cir. 1983) (stating that when suit is brought under Title VII against a federal agency, "the head of the agency involved is the only appropriate defendant"); *Farrell v. United States Dep't of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995) (explaining that "[t]he only proper [d]efendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the [p]laintiff"). In particular, "[f]or suits involving the Department of Justice and the Federal Bureau of Prisons[,] th[e] proper defendant is the Attorney General of the United States." *See Windham*, 2019 WL 1412119, at *1 n.1 (citations omitted).

Given that the United States Attorney General is the only proper party in this action, any claims asserted against the U.S. Department of Justice and/or the Federal Bureau of Prisons under the Rehabilitation Act or Title VII are barred.

### C. Failure to State a Claim

In addition to the above pleading deficiencies, Plaintiff has failed to sufficiently allege a claim for relief under the Rehabilitation Act and Title VII. Stated plainly, Plaintiff's complaint lacks well-pled factual allegations that could support a viable federal claim.

### i.    Count I – Failure to Accommodate and Failure to Engage in Interactive Process Under the Rehabilitation Act

In Count I, Plaintiff asserts a claim for failure to accommodate and failure to engage in the interactive process under the Rehabilitation Act. (Doc. 1 at p. 8). Plaintiff alleges that Defendant failed to provide her with reasonable accommodations for her disability, such as teleworking and secure video-based instruction, which she believes would have allowed her to perform the essential functions of her job as a teacher (namely, "lesson planning, instruction, assessment, grading, communication, and educational programming"). (*Id.*; *see id.* at ¶ 65). Plaintiff further alleges that Defendant's failure to propose any alternative accommodations demonstrates that Defendant failed to engage in a good-faith interactive process. (*Id.* at p. 8; *see id.* at ¶ 56).

The Rehabilitation Act prohibits federal agencies from discriminating in employment against individuals with a disability "solely by reason of her or his disability." *See* 29 U.S.C. § 794(a); *Curry v. Sec'y, Dep't of Veterans Affairs*, 518 F. App'x 957, 963 (11th Cir. 2013) (per curiam). Claims under the Rehabilitation Act are evaluated in the same manner as those brought under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). *See Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam); *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000). Therefore, "cases involving the ADA are precedent for

those involving the Rehabilitation Act." *See Ellis*, 432 F.3d at 1326 (citing *Cash*, 231 F.3d at 1305).

To state a claim for failure to accommodate under the Rehabilitation Act, a plaintiff must allege that (1) "she was disabled"; (2) "she was a qualified individual"; and (3) "she was discriminated against by way of the defendant's failure to provide a reasonable accommodation." *See Skotnicki v. Bd. of Trs. of the Univ. of Ala.*, 631 F. App'x 896, 903 (11th Cir. 2015) (per curiam) (citing *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001)); *Bender v. Sec'y, Dep't of Def.*, No. 21-12103, 2022 WL 3703805, at *3 (11th Cir. Aug. 26, 2022) (per curiam) (citation omitted).

As relevant here, the Eleventh Circuit requires that "to trigger an employer's duty to provide a reasonable accommodation, the employee must (1) make a specific demand for an accommodation and (2) demonstrate that such accommodation is reasonable." *See Owens v. Governor's Off. of Student Achievement*, 52 F.4th 1327, 1334 (11th Cir. 2022) (citing *Frazier-White v. Gee*, 818 F.3d 1249, 1255-56 (11th Cir. 2016)). Generally, "[a]n accommodation is reasonable if it enables the employee to perform the essential functions of the job." *Bender*, 2022 WL 3703805, at *3 (citation omitted). What constitutes a reasonable accommodation depends on the circumstances, but it "may include job restructuring; modified work schedules; reassignment to a vacant position; acquisition or modification of equipment; appropriate adjustment or modifications of examinations, training materials, or policies; and other similar accommodations for individuals with disabilities." *See id.* (citing 42 U.S.C. § 12111(9)); *Frazier-White*, 818 F.3d at 1255 (citing 42 U.S.C. § 12111(9)(B)). However, "an employer is not required to accommodate an employee in *any* manner that the employee desires—or even provide that employee's preferred accommodation." *See D'Onofrio v. Costco*

*Wholesale Corp.*, 964 F.3d 1014, 1022 (11th Cir. 2020) (emphasis in original) (citation omitted). As such, "an employee must link her disability to her requested accommodation by explaining how the requested accommodation could alleviate the workplace challenges posed by her specific disability." *See Owens*, 52 F.4th at 1335. The plaintiff has the burden of identifying an accommodation and demonstrating that the requested accommodation is reasonable. *See Frazier-White*, 818 F.3d at 1255-56 (citations omitted).

Here, Plaintiff fails to demonstrate that her request to work remotely for an unknown period of time would be reasonable under the circumstances. Significantly, Plaintiff does not indicate a timeframe for when, or if, she would be able to resume work in person to support her accommodation request. *See Fryson v. Fla. Agency for Health Care Admin.*, 696 F. Supp. 3d 1123, 1129-30 (N.D. Fla. 2023); *Frazier-White*, 818 F.3d at 1256 (affirming district court's decision that the plaintiff's request for "an indefinite extension of her light-duty status was unreasonable as a matter of law," noting that plaintiff "did not suggest a time frame for when she would be able to resume her full-duty position, and she later admitted at the due process hearing that she did not know how much time she needed or whether any amount of time would be sufficient"). Indeed, "Eleventh Circuit case law is clear that an indefinite pause on some aspect of a plaintiff's job as a result of disability-related accommodation is unreasonable." *See Okafor v. Infuserve Am., Inc.*, No. 8:21-cv-2007-JLB-MRM, 2023 WL 3563600, at *13 (M.D. Fla. Mar. 6, 2023) (finding that plaintiff "failed to demonstrate that indefinite remote work was in fact a reasonable accommodation"); *Rutledge v. Vengroff Williams, Inc.*, No. 8:22-cv-1782-VMC-SPF, 2023 WL 5607586, at *8 (M.D. Fla. Aug. 30, 2023) ("[A]n accommodation to telework indefinitely, unsupported by medical

documentation about the need to do so, was not a reasonable accommodation"); *Frazier-White*, 818 F.3d at 1256.

Additionally, Plaintiff does not adequately explain how teleworking would accommodate her disability or alleviate any physical limitations. *See Owens*, 52 F.4th at 1337 (finding that plaintiff's doctor's recommendation failed to explain how plaintiff's requested accommodation to telework would alleviate her unspecified childbirth-related complications). Thus, Plaintiff fails to plead sufficient facts to state a failure to accommodate claim under the Rehabilitation Act in Count I.

Moreover, "[i]n some circumstances, an employer may be required to engage in an 'informal, interactive process' to identify a suitable accommodation for an employee with a disability." *See Thatcher v. Dep't of Veterans Affs.*, No. 20-12476, 2021 WL 4940824, at *3 (11th Cir. Oct. 22, 2021) (per curiam) (citing *Frazier-White*, 818 F.3d at 1257); *Owens*, 52 F.4th at 1334 (stating that the interactive process with the employee involves "discuss[ing] the employee's specific limitations, explor[ing] potential accommodations, and select[ing] the most appropriate accommodation for both the employer and the employee") (citations omitted). However, where the plaintiff fails to demonstrate that a requested accommodation is reasonable, an employer's failure to engage in an interactive process is not actionable. *See Frazier-White*, 818 F.3d at 1257-58; *Owens*, 52 F.4th at 1334 (explaining that if the employee fails to demonstrate that a requested accommodation is reasonable, the employer has no duty to engage in an interactive process or establish that it could not provide the requested accommodation because of undue hardship); *see also Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997) ("[W]here a plaintiff cannot demonstrate 'reasonable accommodation,' the employer's lack of investigation into reasonable accommodation is unimportant.") (citation

omitted). "Ultimately, it is the employee's burden to establish that a reasonable accommodation exists before an employer has a duty to engage in an 'interactive process' with the employee to identify her limitations or before the employer has a duty to establish that it could not provide the requested accommodation because of undue hardship." *Okafor*, 2023 WL 3563600, at *11 (citations omitted).

Because Plaintiff did not allege sufficient facts demonstrating that her requested accommodation to telework was reasonable, Plaintiff's claim for failure to engage in the interactive process under the Rehabilitation Act fails. *See, e.g.*, *Frazier-White*, 818 F.3d at 1257-58 (concluding that "there [wa]s no basis for imposing liability on [d]efendant for failing to engage in an 'interactive process' to identify accommodation because plaintiff "failed to identify any reasonable accommodation that would have allowed her to return to full duty"); *Thatcher*, 2021 WL 4940824, at *3 (affirming district court's finding that plaintiff's interactive process claim failed because plaintiff failed to identify a reasonable accommodation).

### ii.    Count II – Disability Discrimination Under the Rehabilitation Act

In Count II, Plaintiff asserts a claim for disability discrimination under the Rehabilitation Act. (Doc. 1 at p. 9). Plaintiff alleges that Defendant subjected her to adverse employment actions, including "denial of accommodation, exclusion from return to duty, and reliance on categorical 'correctional worker' assertions," due to her disability. (*See id.*).

To state a claim of disability discrimination under the Rehabilitation Act, a plaintiff must allege that (1) she "has a disability"; (2) she "is otherwise qualified for the position"; and (3) she "was subjected to unlawful discrimination as the result of h[er] disability." *See Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999) (citations omitted).

A plaintiff must establish that she was disabled and a qualified individual, under the meaning of the Rehabilitation Act, during the relevant time period when the alleged discrimination occurred. *See Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314-15 (11th Cir. 2019) (collecting cases); *see also Lucas*, 257 F.3d at 1255 ("In order to establish a prima facie case of [disability] discrimination . . ., the plaintiff must show that . . . [s]he was a 'qualified individual' at the relevant time.") (citation omitted). Unlawful discrimination under the Rehabilitation Act includes an employer failing to provide reasonable accommodations for an employee's known disability or the employer subjecting the employee to an adverse employment action because of her disability. *See Boyle v. City of Pell City*, 866 F.3d 1280, 1289 (11th Cir. 2017) (citing *Lucas*, 257 F.3d at 1255); *see also Ellis*, 432 F.3d at 1326 ("[U]nder the Rehabilitation Act, a plaintiff must prove that [s]he suffered an adverse employment action 'solely by reason of' h[er] [disability].") (quoting 29 U.S.C. § 794(a)).

Plaintiff fails to allege that she was disabled at the time of each of the alleged discriminatory actions, nor does she provide a time frame during which she was affected by her medical issues. *See Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1315 (11th Cir. 2007) (finding that plaintiff failed to establish a prima facie case of disability discrimination because she could not show that she was disabled at the time of her alleged demotion). Additionally, it is unclear from the complaint when each of the purported adverse actions specifically occurred. There are no allegations describing when any "exclusion from return to duty" was made or who made them. The same holds true regarding Plaintiff's allegation about Defendant's "reliance on categorical correctional worker assertions." Thus,

Plaintiff fails to plead sufficient facts to state a disability discrimination claim under the Rehabilitation Act in Count II.

### iii.    Count III – Sex Discrimination Under Title VII

In Count III, Plaintiff asserts a claim for sex discrimination under Title VII. (Doc. 1 at p. 9). Plaintiff generally alleges disparate treatment based on her sex when she was denied accommodations and contends that similarly situated male employees received accommodations permitting continued employment, including at least one officer with a lower leg amputation. (*Id.*; *see id.* at ¶¶ 40, 58).

Title VII prohibits employment discrimination based on race, color, religion, national origin, and sex. *See* 42 U.S.C. § 2000e-2(a)(1). In general, Title VII protects federal employees against two types of employment discrimination. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013); 42 U.S.C. § 2000e-16(a). The first type of discrimination "refer[s] to basic workplace protection such as prohibitions against employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion[,] and the like." *See Univ. of Texas Sw. Med. Ctr.*, 570 U.S. at 342 (citing 42 U.S.C. § 2000e-2(a)). The second prohibits "employer retaliation on account of an employee's having opposed, complained of, or sought remedies for, unlawful workplace discrimination." *See id.* (citing 42 U.S.C. § 2000e-3(a)).

In particular, prohibited discrimination may occur through "disparate treatment," in which "an employer discriminates against a worker 'with respect to h[er] compensation, terms, conditions, or privileges of employment, because of' the individual's membership in a protected category." *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citing 42 U.S.C. § 2000e-2(a)(1)). Disparate treatment involves either "a 'tangible

employment action,' such as a firing or demotion, or of a 'hostile work environment' that changes 'the terms and conditions of employment, even though the employee is not discharged, demoted, or reassigned.'" *See id.* (quoting *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1245 (11th Cir. 2004)).

To state a claim for discrimination under Title VII, a plaintiff must allege that (1) "she belongs to a protected class"; (2) "she was qualified to do the job"; (3) "she was subjected to adverse employment action"; and (4) "her employer treated similarly situated employees outside her class more favorably." *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citing *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (per curiam)); *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003). A plaintiff must allege facts that are "sufficient to create an inference of discrimination." *See Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (per curiam) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997)); *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (stating that to assert a viable Title VII claim for discrimination based on disparate treatment, a plaintiff does not need to allege facts in the complaint "sufficient to make out a classic *McDonnell Douglas* prima facie case," but instead, the plaintiff need only "provide 'enough factual matter (taken as true) to suggest' intentional [sex] discrimination"), *abrogated on other grounds by Iqbal*, 556 U.S. 662 (quoting *Twombly*, 550 U.S. at 556) (citation omitted).[3]

_____

[3] Ultimately, to prevail on a Title VII claim for discrimination based on disparate treatment, a plaintiff must prove that the defendant acted with discriminatory intent. *See Hawkins v. Ceco Corp.*, 883 F.2d 977, 980-81 (11th Cir. 1989). Discriminatory intent may be shown either by direct evidence or by circumstantial evidence set forth under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019); *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). However, a plaintiff asserting a claim of discrimination under Title VII is not required to allege facts in a complaint that would be sufficient to demonstrate a "prima facie case" or "pretext" or any other facts relevant to the

Liability on a disparate treatment claim "depends on whether the protected trait actually motivated the employer's decision." *See Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 212 (2015) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)).

Although Plaintiff identifies similarly situated individuals of a different sex (e.g., male employees) who were treated more favorably than her by receiving accommodations, Plaintiff's only mention of sex discrimination in the complaint is her bare allegation that she believes she was denied accommodations based, in part, on her sex. Plaintiff's complaint contains no specific factual allegations suggesting intentional discrimination based on her sex. *See Davis*, 516 F.3d at 974; *Faulk v. Overland Contracting, Inc.*, No. 8:25-cv-63-WFJ-LSG, 2025 WL 1095556, at *4 (M.D. Fla. Mar. 26, 2025), *report and recommendation adopted*, 2025 WL 1093388 (M.D. Fla. Apr. 11, 2025) (finding that plaintiff failed to state a claim for sex discrimination under Title VII because his allegations did not show that any specific actions were taken because of his sex or sexual orientation). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *See Iqbal*, 556 U.S. at 679. That said, simply alleging that Plaintiff was treated differently because of her sex, without any supporting factual allegations, is insufficient to state a disparate treatment claim under Title VII. *See Showers v. City of Bartow*, 978 F. Supp. 1464, 1468 (M.D. Fla. 1997); *Uppal v. Hosp. Corp. of Am.*, No. 8:09-cv-634-T-33TBM, 2011 WL 2631869, at *3 (M.D. Fla. July 5,

---

*McDonnell Douglas* burden-shifting framework in order to defeat a motion to dismiss or a motion for judgment on the pleadings. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (explaining that the *McDonnell Douglas* framework is an "evidentiary standard, not a pleading requirement[,]" and a plaintiff is not required to plead every element of a *prima facie* case to survive a motion to dismiss).

2011), *aff'd*, 482 F. App'x 394 (11th Cir. 2012) (collecting cases). Thus, Plaintiff fails to plead sufficient facts to state a sex discrimination claim under Title VII in Count III.

    iv.    **Count IV – Retaliation Under the Rehabilitation Act and Title VII**

In Count IV, Plaintiff asserts a claim for retaliation under the Rehabilitation Act and Title VII. (Doc. 1 at p. 9). Plaintiff alleges that Defendant subjected her to "materially adverse actions, including denial of accommodation and obstruction of return to duty[,]" after she filed her Equal Employment Opportunity ("EEO") complaint and requested reasonable accommodations. (*Id.*; *see id.* at ¶¶ 3, 13, 20, 22, 28-29, 35, 37-38, 54, 57, 59, 67, 69).

As noted above, Plaintiff's retaliation claim is brought under multiple statutes (i.e., the Rehabilitation Act and Title VII) and should be separated into distinct counts. Notwithstanding this pleading deficiency, a claim for retaliation under the Rehabilitation Act is analyzed under the same standard as a retaliation claim brought under Title VII. *See Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec.*, 410 F. App'x 243, 245 (11th Cir. 2011) (per curiam) (citing *Ellis*, 432 F.3d at 1323-24). To state a claim for retaliation, a plaintiff must show that (1) she "engaged in statutorily protected activity"; (2) she "suffered an adverse employment action"; and (3) there was a causal connection between the protected activity and the adverse employment action. *See Williams v. Motorda, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002) (citation omitted); *Crawford*, 529 F.3d at 970 (citation omitted).

In general, "[t]o establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *See Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (citation omitted); *see also Frazier-White*, 818 F.3d at 1258 (stating that a plaintiff must show that retaliation for protected activity was the "but-for" cause of an adverse

action). As such, "[t]he burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action, but the temporal relationship must be very close." *See Manigault v. Comm'r, Soc. Sec. Admin.*, 609 F. App'x 982, 985 (11th Cir. 2015) (per curiam); *Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1294 (11th Cir. 2021) (indicating that "[a] plaintiff can establish a prima facie causal link 'by showing close temporal proximity between the statutorily protected activity and the adverse . . . action.'") (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)); *see also Chandler v. Sheriff, Walton Cnty.*, No. 22-13698, 2023 WL 7297918, at *2 (11th Cir. Nov. 6, 2023) (per curiam) (determining that a gap of more than three months between the protected activity and the adverse employment action, without more, is too long to demonstrate a causal connection) (citing *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006)).

Plaintiff fails to allege a close temporal relationship between the statutorily protected activity and the alleged adverse actions. Although Plaintiff relies on her EEO complaint and other protected activity (including requests for reasonable accommodations) in support of her retaliation claim, she alleges in a conclusory manner that there is a causal connection between the protected activity and the adverse employment actions because of the temporal proximity. (*Id.* at p. 9; *see id.* at ¶ 59); *Franklin*, 738 F.3d at 1248 n.1 (explaining that the court "afford[s] no presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted). As with much of her complaint, she does not specify when each of the protected activities and adverse actions occurred. Thus, Plaintiff fails to plead sufficient facts to state a retaliation claim in Count IV.

### v.  Count V – Hostile Work Environment

In Count V, Plaintiff asserts a claim for hostile work environment. (Doc. 1 at p. 10). Plaintiff alleges that Defendant created a hostile and abusive work environment that altered the terms and conditions of her employment through "repeated documentation demands, categorical denials, refusal to meet, and retaliatory conduct[.]" (Doc. 1 at p. 10; *see id.* at ¶¶ 3, 20, 24, 28, 33, 35, 39, 44, 46, 53-54, 67). Based on the sparse allegations in the complaint under Count V, it is unclear whether Plaintiff is attempting to assert a hostile work environment claim under the Rehabilitation Act and/or Title VII. *See Williams v. Polk Cnty. Bd. of Cnty. Comm'rs*, No. 8:20-cv-2842-WFJ-SPF, 2021 WL 1060199, at *4 (M.D. Fla. Mar. 19, 2021) (requiring claims for hostile work environment under Title VII, Rehabilitation Act, and the ADEA to be separated into different counts).

Nevertheless, to state a hostile work environment claim under Title VII or the Rehabilitation Act, a plaintiff must allege that (1) "[s]he belongs to a protected group"; (2) "[s]he was subjected to unwelcome harassment"; (3) "the harassment was based on h[er] membership in the protected group"; (4) that the harassment was "severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment"; and (5) "the employer is responsible for that environment under a theory of either vicarious or direct liability." *See Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (per curiam); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). A hostile work environment describes a workplace that is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *See Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th Cir. 2014) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

For a hostile work environment claim to be actionable, "[t]he employee must subjectively perceive the harassment as sufficiently severe and pervasive to alter the terms or conditions of [her] employment," and the harassment must result in an environment that a "reasonable person" would find hostile or abusive." *See Palmer v. McDonald*, 624 F. App'x 699, 703 (11th Cir. 2015) (per curiam); *Miller*, 277 F.3d at 1276. In evaluating the objective severity of the harassment, courts consider (1) "the frequency of the conduct"; (2) "the severity of the conduct"; (3) "whether the conduct is physically threatening or humiliating, or a mere offensive utterance"; and (4) "whether the conduct unreasonably interferes with the employee's job performance." *See Brathwaite v. Sch. Bd. of Broward Cnty., Fla.*, 763 F. App'x 856, 859 (11th Cir. 2019) (per curiam) (citation omitted); *Palmer*, 624 F. App'x at 703 (citation omitted).

Plaintiff's allegations fail to objectively state any harassment severe or pervasive enough to create a hostile or abusive working environment. The purported harassing conduct Plaintiff alleges does not show that such action was physically threatening or humiliating, frequent or severe, or unreasonably interfered with her job performance. To that end, Plaintiff's complaint falls short of describing a work environment "sufficiently suffused with 'intimidation, ridicule, and insult . . . to alter the conditions of the [Plaintiff's] employment.'" *See Copeland v. Georgia Dep't of Corr.*, 97 F.4th 766, 775 (11th Cir. 2024) (quoting *Harris*, 510 U.S. at 21). Thus, Plaintiff fails to plead sufficient facts to state a hostile work environment claim in Count V.

### D. Amendment

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify the basis of her claims. Plaintiff must provide the

Court with sufficient information in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how the Defendant is responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Plaintiff is cautioned that, despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file an amended complaint on or before **February 4, 2026**. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Ocala, Florida on January 7, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties