UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EVA RYALS,

      Plaintiff,

v.                                                  Case No: 5:25-cv-586-JSS-PRL

UNITED STATES ATTORNEY
GENERAL, U.S. DEPARTMENT OF
JUSTICE, and FEDERAL BUREAU
OF PRISONS,

      Defendants.

_____

**ORDER**

*Pro se* Plaintiff Eva Ryals, a former employee of the Federal Bureau of Prisons ("BOP"), filed this suit against the United States Attorney General ("Defendant"). Plaintiff filed a Motion to Proceed in Forma Pauperis (Doc. 2), which the Court took under advisement, noting several deficiencies in Plaintiff's initial complaint and permitting Plaintiff to file an amended complaint that remedied the deficiencies identified by the Court (Doc. 12). Plaintiff has filed an amended complaint (Doc. 22), for which there are still deficiencies. For the reasons explained below, Plaintiff's Motion to Proceed in Forma Pauperis is taken under advisement, and in an abundance of caution, the Court will afford Plaintiff another opportunity to sufficiently plead her case by filing a second amended complaint remedying the defects identified in this Order.

## I.   BACKGROUND

On September 19, 2025, Plaintiff initiated this employment discrimination against Defendant. (Doc. 1). In her initial complaint, Plaintiff seemingly alleged that she was denied reasonable accommodations and subjected to disability discrimination, sex discrimination, retaliation, and a hostile work environment by her former employer. (*See id*.). Plaintiff asserted claims for failure to accommodate and failure to engage in the interactive process under the Rehabilitation Act; disability discrimination under the Rehabilitation Act; sex discrimination under Title VII; retaliation under Title VII and the Rehabilitation Act; and a hostile work environment. (*Id*. at pp. 8-10).

On January 7, 2026, the Court took Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) under advisement due to several deficiencies in Plaintiff's initial complaint, including the complaint constituting an impermissible shotgun pleading and Plaintiff failing to state a plausible claim for relief under the Rehabilitation Act or Title VII. (Doc. 12). In so doing, the Court permitted the Plaintiff an opportunity to file an amended complaint to remedy the pleading deficiencies identified by the Court and sufficiently plead her claims. (*Id*. at pp. 21-22).

Plaintiff has now filed her amended complaint, which consists of four pages (with the certificate of service serving as the fourth page), asserting a single claim for relief for "unlawful failure to reinstate" in connection with the termination of her employment. (Doc. 22). Plaintiff alleges that in 2014, she sustained a work-related injury during her employment at the BOP. (*See id*. at ¶ 7). While she was out on approved medical leave, Plaintiff's employment was terminated. (*See id*. at ¶ 8). Plaintiff contends that she pursued her administrative remedies, and while doing so, "[a]n administrative authority ordered [her] reinstatement upon

passing a Fitness-for-Duty examination." (*See id*. at ¶¶ 9-10). Plaintiff claims to have passed the Fitness-for-Duty examination in November 2017 and that Defendant possessed documentation confirming that she satisfied the reinstatement requirement. (*See id*. at ¶¶ 11-12). Then, in February 2018, Plaintiff states that she attempted to return to duty with medical documentation, but Defendant refused to reinstate her employment. (*See id*. at ¶¶ 13-14). As a result of her termination, Plaintiff asserts that she suffered loss of wages, benefits, and other damages. (*See id*. at ¶ 16). Plaintiff requests that the Court "[d]eclare [Defendant's] actions unlawful"; "[o]rder equitable relief, including reinstatement or front pay"; and "[a]ward back pay, lost benefits, and compensatory damages." (*See id*. at p. 2).

## II.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that she is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id*.

When evaluating a complaint under § 1915, courts must liberally construe *pro se* filings and hold them to less stringent standards than papers drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). *Pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

Nevertheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *See id*. (quoting *Twombly*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *See Twombly*, 550 U.S. at 555 (citations omitted). Although a court must accept as true well-pleaded allegations, it is not bound to accept a legal conclusion stated as a "factual allegation" in the complaint. *See id*.; *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations omitted); *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (stating that the court "afford[s] no presumption of truth to legal conclusion and recitations of the basic elements of a cause of action") (citations omitted).

### III.    DISCUSSION

#### A.  Claim for Unlawful Failure to Reinstate

Plaintiff's amended complaint asserts a claim for "unlawful failure to reinstate." (Doc. 22 at p. 2). Plaintiff alleges in a conclusory manner that Defendant "failed to reinstate [her] after [she] satisfied all required conditions[,]" that Defendant's "actions were arbitrary, capricious, and contrary to law[,]" and that she "suffered damages as a result." (*See id.* at ¶¶ 18-20). The legal basis of Plaintiff's claim is unclear. Plaintiff does not state whether she is attempting to plead the claim for "unlawful failure to reinstate" under the Rehabilitation Act, Title VII, or otherwise.

To the extent Plaintiff is attempting to state a claim for retaliation by way of failing to reinstate under Title VII or the Rehabilitation Act, a plaintiff must show that (1) she "engaged in statutorily protected activity"; (2) she "suffered an adverse employment action"; and (3) there was a causal connection between the protected activity and the adverse employment action. *See Williams v. Motorola, Inc.*, 303 F.3d 1284, 1291 (11th Cir. 2002) (citation omitted); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (citation omitted); *see also Burgos-Stefanelli v. Sec'y, U.S. Dep't of Homeland Sec.*, 410 F. App'x 243, 245 (11th Cir. 2011) (per curiam) (indicating that a claim for retaliation under the Rehabilitation Act is analyzed under the same standard as a retaliation claim brought under Title VII) (citing *Ellis v. England*, 432 F.3d 1321, 1323-24 (11th Cir. 2005)).

"[A]dverse employment actions include 'tangible employment actions,' which are those actions 'that affect continued employment or pay—things like terminations, demotions, suspensions without pay, and pay raises or cuts—as well as other things that are similarly significant standing alone.'" *Davis v. Legal Servs. Ala., Inc.*, 19 F.4th 1261, 1266 (11th Cir. 2021)

(per curiam) (quoting *Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 860 (11th Cir. 2020)); *see Colas v. Lourdes-Noreen McKeen Residence for Geriatric Care, Inc.*, No. 21-CV-81117, 2021 WL 4896891, at \*6 (S.D. Fla. Sept. 29, 2021), *report and recommendation adopted*, 2021 WL 4896339 (S.D. Fla. Oct. 20, 2021) ("[A]bsent a showing by [plaintiff] that [defendant] owed her a duty to reinstate her after termination, there can be no further harm caused once she no longer is employed by [defendant]."). To establish an adverse employment action, "an employee must show a *serious and material* change in the terms, conditions, or privileges of employment." *See Webb v. Int'l Bus. Machines Corp.*, 458 F. App'x 871, 875 (11th Cir. 2012) (per curiam) (emphasis in original) (quoting *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001)). "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Pumpido v. Sch. Bd. of Miami-Dade Cty., FL.*, No. 02-cv-22548, 2003 WL 23312750, at \*7 (S.D. Fla. Nov. 6, 2003) (citing *Town of Lake Park, Fla.*, 245 F.3d at 1239); *see also Hinson v. Clinch Cty., Georgia Bd. of Educ.*, 231 F.3d 821, 829 (11th Cir. 2000).

Moreover, "[t]o establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *See Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (citation omitted); *see also Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016) (stating that a plaintiff must show that retaliation for protected activity was the "but-for" cause of an adverse action). As such, "[t]he burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action, but the temporal relationship must be very close." *See Manigault v.*

- 6 -

*Comm'r, Soc. Sec. Admin.*, 609 F. App'x 982, 985 (11th Cir. 2015) (per curiam); *Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1294 (11th Cir. 2021) (indicating that "[a] plaintiff can establish a prima facie causal link 'by showing close temporal proximity between the statutorily protected activity and the adverse . . . action.'") (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007)); *see also Chandler v. Sheriff, Walton Cnty.*, No. 22-13698, 2023 WL 7297918, at *2 (11th Cir. Nov. 6, 2023) (per curiam) (determining that a gap of more than three months between the protected activity and the adverse employment action, without more, is too long to demonstrate a causal connection) (citing *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006)).

In the amended complaint, Plaintiff generally alleges that Defendant failed to reinstate her employment after "[a]n administrative authority ordered [her] reinstatement upon passing a Fitness-for-Duty examination" and that Defendant "possessed documentation confirming Plaintiff satisfied the reinstatement requirement," but Defendant "refused to reinstate [her]," constituting an "adverse employment action." (*See* Doc. 22 at ¶¶ 10-12, 14-15). Plaintiff fails to allege that she engaged in statutorily protected activity. *See Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999) (stating that an employee's complaint about discrimination constitutes protected activity if the employee could "reasonably form a good faith belief that the alleged discrimination existed") (citation omitted); *Hughes v. Wal-Mart Stores East, LP*, 846 F. App'x 854, 858 (11th Cir. 2021) (per curiam) ("An employee participates in a protected activity when she makes 'a request for a reasonable accommodation.'") (quoting *Frazier-White*, 818 F.3d at 1258). The amended complaint does not state facts demonstrating that Plaintiff would not have been terminated but for her protected activity. *See Cooper v. Ga. Dep't of Transp.*, 837 F. App'x 657, 669 (11th Cir. 2020) (per curiam) (noting causation in retaliation claims is

- 7 -

established by showing the protected activity was the "but-for" cause of the adverse action by the employer) (citation omitted). As a result, Plaintiff cannot establish the third prong because she fails to show a causal connection between the protected activity (which she does not allege) and an adverse employment action. *See Colas*, 2021 WL 4896891, at *6-7 (finding that plaintiff's amended complaint failed to sufficiently allege retaliation by way of failing to reinstate because plaintiff did not establish that defendant owed her a duty to reinstate her to her position after she was notified of her termination).

To the extent that Plaintiff may be relying on past factual allegations contained in her initial complaint, Plaintiff is advised that the filing of her amended complaint renders moot her initial complaint. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supersedes an original complaint") (citation omitted); *Pintando v. Miami Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("[T]he original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citations omitted).

Even if Plaintiff could allege facts supporting a claim for retaliation by way of failing to reinstate under Title VII or the Rehabilitation Act, there is no indication in the amended complaint that she exhausted her administrative remedies before filing this action. While Plaintiff states that she "pursued administrative remedies" (Doc. 22 at ¶ 9), she does not specify what those administrative remedies were. Plaintiff fails to state that she initiated any Equal Employment Opportunity (EEO) action concerning the alleged actions. Federal employees are required to seek administrative review of alleged discrimination or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act. *See Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (per curiam) (citations omitted). If the

initial contact is not made within 45 days, the judicial claim is barred. *See id*. (citation omitted).

### B. Amendment

Out of an abundance of caution, the Court will provide Plaintiff with another opportunity to file an amended pleading to clarify the basis of her claim(s). Plaintiff must provide the Court with sufficient information in a coherent manner so that it can perform the review required under § 1915. The second amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how the Defendant is responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

Plaintiff is again cautioned that, despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**. Plaintiff shall file a second amended complaint on or before **March 20, 2026**. Failure to comply with this Order could result in a recommendation that this action be dismissed for failure to prosecute.

**DONE** and **ORDERED** in Ocala, Florida on February 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties